IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-01998-CMA-CBS

SULLIVAN ONE, LLC,

    Plaintiff,

v.

SILVER CINEMAS ACUISITION CORP.
d/b/a OLD TOWNE THEATER/LANDMARK THEATERS,

    Defendant.

---

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

---

This matter is before the Court on Plaintiff's Motion to Remand (Doc. # 16). Plaintiff argues that this case should be remanded to state court because Defendant failed to establish the amount in controversy as required for diversity jurisdiction under 28 U.S.C. § 1332. For the following reasons, the Court denies Plaintiff's motion.

### I. BACKGROUND

Plaintiff, the owner of real property in Arvada, Colorado, alleges that Defendant, the tenant of that same property, breached the Ground Lease between Plaintiff and Defendant. The contract was dated April 19, 1996, and is in effect until April 2016. ThePlaintiff alleges that Defendant, as of January 2013, has unlawfully offset its rent payments in violation of the terms and provisions of the Ground Lease. (Doc. # 4.)

Plaintiff filed a complaint in state court on July 2, 2013. Defendant filed its Notice of Removal on July 26, 2013. (Doc. # 1.) Plaintiff filed its Motion for Remand on

September 25, 2013, asserting that the case was improperly removed because the amount in controversy was less than $75,000, failing to satisfy the requirements of 28 U.S.C. § 1332.  (Doc. # 16).

## II.  ANALYSIS

### A.  STANDARD OF REVIEW

A defendant may remove a state civil action to federal court if the federal district court has subject matter jurisdiction.  28 U.S.C. § 1441.  A federal court has subject matter jurisdiction over cases in which there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  The burden of proving that removal is proper falls on the party asserting diversity jurisdiction.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  Removal statutes are construed strictly and any doubts about the correctness of removal are resolved in favor of remand.  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir.1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

To successfully remove a case to federal court, "[a] defendant must affirmatively establish jurisdiction by proving jurisdictional facts that made it possible that $ 75,000 was in play."  *McPhail v. Deere & Co.*, 529 F. 3d 947, 955 (10th Cir. 2008).  Further, the preponderance of the evidence standard applies to jurisdictional facts, not jurisdiction itself. In other words, "what the proponent of jurisdiction must 'prove' is contested factual assertions . . . [as j]urisdiction itself is a legal conclusion, a consequence of facts rather than a provable 'fact.'"  *Id.*

A defendant may rely on any estimates of alleged damages from a plaintiff's complaint to prove jurisdictional facts. *Id.* When the allegations in the complaint are not dispositive, the allegations in the notice of removal are considered. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Other documentation can also be the basis of determining the amount in controversy, including any documents that demonstrate the plaintiff's estimation of the value of its claim. *McPhail*, 539 F.3d at 956. In a breach of contract dispute, the contract itself can be used to support establishing an amount in controversy over $75,000. *Id.* The plaintiff's estimation of the amount in controversy is not binding; courts can also look to the defendant's estimation of the value of the claim in the Notice of Removal. *See Frederick*, 683 F.3d at 1248.

Finally, when a challenge to subject matter jurisdiction is "premised upon diversity of citizenship [it is to be measured] against the state of facts that existed at the time of filing[.]" *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004). Ongoing damages demanded in the plaintiff's complaint are part of the state of the facts at the time of filing of the complaint. *See Carrillo v. MCS Indus. Inc.*, No. 12–0573 2012 WL 5378300, at *16 (D.N.M. Oct. 15, 2012) (finding that both past and future wages requested as damages can be considered when determining if the amount in controversy is met in a breach of implied employment contract action).

**B.    APPLICATION**

This case involves two claims: one for declaratory judgment of the responsibilities of the parties and one for breach of contract and damages. This Court's

jurisdiction over both claims is determined by the jurisdictional amount in controversy requirement under 28 U.S.C. § 1332.

This dispute between the parties on this motion centers on how much of the amount of allegedly underpaid rent can be considered in determining the amount in controversy for purposes of 28 U.S.C. § 1332.  As an initial matter, the parties agree that the amount of rent allegedly underpaid per month is eight percent of the required rent or about $6,300.  (Doc. # 16; Doc. # 20).  Plaintiff further alleges that the amount includes only Defendant's allegedly underpaid rent from January 2013 to the date of the filing of the Complaint on July 2, 2013.  (Doc. # 16).  If this is the proper calculation, then the amount in controversy is below the requisite $75,000 needed for purposes of § 1332.

In contrast, Defendant alleges that the amount in controversy is at least $247,938.24, a calculation that includes, among other things, the amount of underpaid rent from January 2013 to the end of the lease in April 2016.  (Doc. # 20).  The discrepancy between the parties' calculations results from a disagreement as to the number of months to be counted as underpaid for purposes of determining the amount in controversy.

If Plaintiff had drafted its complaint to request damages only as of the date of the complaint's filing, this would be a tougher call.  However, on the face of the complaint, the Plaintiff prays for relief that would recover not only past due underpayments for all months that the Defendant underpaid but also for future underpayments: "including the

months of January [2013] to and including the date of trial in this matter." (Doc. # 4, at 3.)

As of December 2013, the amount in controversy exceeded $75,000 (*i.e.*, $6,300.07 (underpayment per month) multiplied by 12 months (January-December 2013), equals $75,600.84). Thus, the amount-in-controversy requirement of § 1332 is established on the face of the complaint.[1]

### III. CONCLUSION

For the reasons stated above, it is ORDERED that the Plaintiff's Motion to Remand to State Court is DENIED.

DATED: February 7, 2014

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge

---

[1] The certainty with which this Court arrives at a sum that exceeds $75,000 distinguishes this case from all the authorities relied upon by Plaintiff. *See Symes v. Harris*, 472 F. 3d 754, 759 (10th Cir. 2006) (declining jurisdiction based "upon the state of things at the time of the action brought" but not foreclosing the accrual of future damages from a controversy existing at the time the action was brought); *Tafoya v. Am. Family Mut. Ins. Co.*, No. 08–01656 2009 WL 211661, *2 (D. Colo. Jan. 28, 2009) (declining to find § 1332 jurisdiction where the total attorney's fees were required to reach the $75,000 minimum, but the case had not sufficiently progressed for any calculation of fees to be more than speculative); *Amazon, Inc. v. Cannondale Corp.*, No. 99-00571 2006 WL 650682, at * 9 (D. Colo. Mar. 10, 2006) (same as *Symes*); *Smith v. Tele-Town Hall, LLC*, 798 F. Supp. 2d 748, 752 (E.D. Va. 2011) (finding no jurisdiction where "plaintiff's good faith demand at the time of filing" governed determination of the jurisdictional amount, not a later modification); *Dent v. Cingular Wireless, LLC*, No. 07-0552 2007 WL 1797653, at *6 (D.N.J. June 20, 2007) (declining to exercise jurisdiction where future damages were speculative because the defendant had "proffered no evidence from which this court can infer the probable amount of plaintiff's alleged lost income and benefits"). Finally, Defendant advances a number of other arguments for why the amount in controversy exceeds this amount. Yet this Court need not address these arguments here, as the amount in controversy is satisfied by a more narrow consideration outlined above.